UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| APRIL L. MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-424-TLS |
| AFSCME INTERNATIONAL | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

April L. Moore, a plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against the Defendant, AFSCME International. She also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP") statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first,

whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

To begin, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). Here, the Plaintiff's Motion establishes that she is unable to prepay the filing fee.

The inquiry, though, does not end there. The Court must also look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have the power to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Here, the Plaintiff's Complaint states that the action has been brought for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. Additionally, the Plaintiff has received a Notice of Right to Sue from either the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission as of August 13, 2017, but did not attach the Notice to the Complaint. Further, the Plaintiff does not state any facts or claims related to employment discrimination in the Complaint. To state a claim for employment discrimination, the Plaintiff should, at a minimum, detail specific instances when the discrimination took place; where the discrimination took place; why she believes the discrimination took place; and who participated in the discrimination. The Plaintiff appears to be complaining that her union did not adequately represent her, but does not allege that the failure was related to her race, gender, or any other protected category. As presented, the Complaint does not contain a short and plain statement alleging discrimination by the Defendant against the Plaintiff and, thus, does not state a claim for relief.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until November 20, 2017, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting her amended complaint, the Plaintiff should describe factual details that explain the alleged discrimination by the Defendant, including who took the discriminatory action and when, and what makes the Plaintiff believe that the action was based on her race, color, religion, sex, or national origin. If one of these protected

categories is not alleged to have motivated the Defendant, the Plaintiff's amended complaint must otherwise state what duty she believes the Defendant breached and provide basic supporting facts. *See, e.g.*, *Filippo v. N. Ind. Pub. Serv. Corp.*, 141 F.3d 744, 748 (7th Cir. 1998) (setting out elements for breach of duty of fair representation). Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by November 20, 2017, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until November 20, 2017, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4) CAUTIONS the Plaintiff that

(a) if she does not respond by the above deadline, this case will be dismissed without further notice; and

(b) any amended complaint must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated the Plaintiffs' statutory rights.

SO ORDERED on October 30, 2017.

   s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4